# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MATTHEW E. ELLIOTT,

        Petitioner,  :  Case No. 1:24-cv-00449

- vs -      District Judge Jeffery P. Hopkins
    Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
  Correctional Facility,

        Respondent.  :

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Matthew Elliott under 28 U.S.C. § 2254 to obtain relief from his conviction of violations of prison rules and consequent extension of his minimum sentence for one year by the Ohio Adult Parole Authority (Petition, ECF No. 3). On the Court's Order (ECF No. 5), Respondent Warden of the Southern Ohio Correctional Facility has filed the relevant record of proceedings (ECF No. 7) and a Return of Writ (ECF No. 8). Although notified by the Court that his reply was due by November 14, 2024 (ECF No. 9), Petitioner has failed to file a reply and the deadline for doing so has passed. Thus the case is ripe for decision.

Whether the Court reads the Petition as directed at the underlying conviction or the results of the post-conviction Rules Infraction Board and Parole Board proceedings, Respondent asserts the petition is barred by the statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). That statute is codified

at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner does not claim a later start date than that provided in § 2244(d)(1) nor has he filed any State post-conviction or other collateral review proceedings which would have tolled the statute. As noted above, he has failed to file a reply by the deadline set by the Court. In the Petition he asserts the case is timely because of the difficulties of litigating from prison. However, *pro se* status is not a justification for delay. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). He also mentions the civil action under 42 U.S.C. § 1983 which he filed in this Court challenging the same

2

matters he raised in the Petition. However, because a federal § 1983 proceeding is not a state collateral challenge, it does not toll the statute under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167 (2001).

**Conclusion**

On the basis of the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 4, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #