# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MATTHEW E. ELLIOTT,

        Petitioner,      :    Case No. 1:24-cv-00449

  - vs -                    District Judge Jeffery P. Hopkins
                              Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
  Correctional Facility,

                             :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 10). District Judge Hopkins has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 16).

      The Report concluded that the Petition was barred by the statute of limitations, 28 U.S.C. § 2244(d) whether it was directed to Petitioner's original conviction or the Rules Infraction Board proceeding which extended his imprisonment term (ECF No. 10, PageID 257-58).

      In his Objections, Petitioner says he is not offering excuses for missing the original deadline of November 14, 2024, which was the deadline for him to file a reply to Respondent's Answer (See ECF No. 9, filed October 29, 2024, notifying Petitioner of the reply deadline as originally set.)

      Without discussing the Report's conclusion on the statute of limitations, Petitioner asks

that the Court allow him to proceed with his case and asserts he can prove his actual innocence of any RIB infractions (Objections, ECF No. 15).  He also claims he did not receive notice of any deadlines.  He has attached the title pages of all the documents he says he has received from the Court.

When the case was first filed in August, the Magistrate Judge ordered the Warden to answer (Order for Answer, ECF No. 5). This is one of the documents Petitioner admits receiving from the Court.  At page 2 of that document (PageID 62), the Court provided that a reply would be due twenty-one days after the answer was filed.

The Answer and State Court Record were filed October 24, 2024.  On the same day the Court notified Petitioner his reply would be due November 14, 2024 (ECF No. 9).  Petitioner also admits receiving this document (ECF No. 15-1, PageID 277).

Apart from apparent confusion about the reply, Petitioner makes no response to the statute of limitations analysis in the Report.  He essentially says that if we overlook that issue, he can prove he is innocent of the alleged infractions.  He offers no explanation or description of what that proof might be.

The State Court Record shows that RIB proceeding became final April 19, 2022.  The state of limitations began to run on that date and expired one year later, on April 19, 2023.  Petitioner did not file his current habeas petition until August 21, 2024, when he deposited it in the prison mailing system (Petition, ECF No. 3, PageID 51).  The statute of limitations is not just a suggestion to the courts, but a statute enacted by Congress to protect the finality of state court or, in this case, administrative bodies, decisions.  The Court does not have equitable authortdy to ignore a comman of Congress.

**Conclusion**

Having reviewed the case in the light of the Objections, the Magistrate Judge again concludes the Petition is barred by the statute of limitations and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 2, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #